IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KYLE SMITH<br><br>　　　　Plaintiff,<br><br>　v.<br><br>AMERICA'S WHOLESALE LENDER, INC.,<br><br>　　　　Defendant. | Case No.  1:12-CV-161-BLW<br><br>**MEMORANDUM DECISION** |

# INTRODUCTION

The Court has before it defendant's motion to dismiss and plaintiff's motion for summary judgment.  The motions are fully briefed and at issue.  For the reasons described below, the Court will grant the motion to dismiss and deem moot the motion for summary judgment.

# ANALYSIS

Plaintiff Kyle Smith sued "America's Wholesale Lender, Inc." (AWL) seeking quiet title to his residential property in Meridian, Idaho.  AWL is the business name of Countrywide Home Loans.  In January of 2007, Countrywide loaned $203,000 to Smith and took back a promissory note secured by a deed of trust on the residence.  The exhibits to Smith's complaint show that the Federal National Mortgage Association (Fannie Mae) became the new owner of Smith's loan on November 30, 2011.  There is no dispute that

Countrywide has no interest in Smith's loan or his residence, and is not attempting to foreclose, collect on the loan, or assert any interest against Smith.

Nevertheless, Smith has sued them to quiet title to his residence. Smith argues that Countrywide's admitted lack of interest in the property entitles him to quiet title as against them. The Court disagrees. In every Idaho case dealing with quiet title there is a controversy over ownership rights – the parties are competing over their interest in the subject property. *See, e.g., Machado v. Ryan*, 280 P.3d 715 (Id.Sup.Ct. 2012) (suit for quiet title between parties competing over an easement claim on the property). In the present case, there are no competing claims; Countrywide sold its entire interest over a year ago. Allowing Smith to proceed with his quiet title action under these circumstances would allow a flood of litigation against sellers of loans who have long since divested themselves of any interest in the subject property.

Smith also makes claims that because his note and deed of trust have been separated, the deed of trust is no longer valid. But he has sued the wrong defendant – Countrywide has no deed of trust to defend.

And this reveals the biggest weakness of the case – there is no case or controversy as required by Article III. *See Alcoa, Inc. v. Bonneville Power Admin.*, 698 F.3d 774 (9th Cir. 2012). Accordingly, the Court finds that motion to dismiss should be granted due to a lack of jurisdiction and due to the failure of the complaint to state a claim. This moots Smith's motion for summary judgment. The Court will enter Judgment in a separate document as required by Fed.R.Civ.P. 58(a).

**Memorandum Decision - 2**



DATED:  **March 6, 2013**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision - 3**